Barnard, P. J.
The rule which governs this case is that a master is bound to advise the servant of any risks to which, he is subject by the working of a dangerous machine. In respect to inexperienced children, the duty would go so far as to warn the servant of risks which the intelligence of the child, would permit Ms comprehending or fully understanding. A person of mature years who accepts an employment in and about the management of a dangerous machine, assumes the risks of the employment, and so does a minor *493 who is fully instructed or fully understands the dangers of the employment.
It is a wrongful act of the master when an employee of the master, who is entrusted with the management of a machine, puts a boy without experience at work in a business and upon a machine which a man of ordinary sagacity would know to be perilous. Union Pacific R. R. Co. v. Fort, 17 Wall., (U. S.); Williams Book, 21 U. S. Rep. 739.
Under this rule the action is fully made out. The plaintiff was at the time of the injury between twelve and thirteen years of age. He was employed by the defendant on the 8th of July, 1882, and set at work carrying rubber to be used in the manufacture of rubber cloth.
A piece of linen cloth is the basis. This is run through a machine of great power, and rubber is compressed upon it, which, by repeated operation through the machine, is made of the required thickness. The roll from the machine is wound upon a shell, and when this shell is loaded it is removed from the front to the back of the machine, and the empty shell is put in its place in front, and the process repeated. The plaintiff worked Saturday, July 8th, at carrying rubber, an entirely safe occupation. He continued at this during Monday and up to Tuesday, at 11 A. m. O’Rourke, the defendant’s manager of the machine, then told him to “stand at the collender, and to load on the shell. When I go around on the back of the collender, I will throw the empty shell underneath; you pick it up and put it in its place underneath the collender.” The empty shell was heavy for a boy, but he did get it in its place, but as he tried to fasten the screw covered with oil his hand slipped and got in the cog wheels.
This was the first experiment of the boy at putting on tins empty shell alone. He had never seen it done over two or three times before, and the accident happened within twenty minutes after he was set at work at loading the shell.
Under this proof the jury could find that the occupation was dangerous; that the boy was not employed to follow it; that he was ignorant of the dangers, and was not instructed in respect thereto, and that he was injured by the neglect of the master, and that he was free from fault.
The judgment should, therefore, be affirmed, with costs.
Cullen, J., concurs; Dykeman, J., dissents.